Opinion of the court.
Kirkpatrick G. J.
This is an ejectment for lands in Salem county, and a case is stated for the opinion of the court, in these words, viz. (see case.)
Upon this case it is manifest, that at common law Jonathan, the oldest son of Joseph, would have succeeded to the inheritance, if Joseph, his father, and Lake, the father of Aaron, had been brothers of the whole blood. It is manifest too, that in that case the statute of descents would have made no difference. It says, “ if an ancestor shall die without issue, or having issue, and such issue shall die under age and without issue, the real estate shall descend to, and be inherited by the brothers, or •or by the brother and sister or sisters, or by the brothers and sister or sisters, as the case may be, or the issue of such brothers or sisters but it does not respect the cases where the ancestor hath left one brother or one sister only, or the issue of such brother or sister, *as is the case *210 here. So that, if Joseph and Lulce had been brothers of whole blood, Jonathan alone, and not in conjunction with his brothers and sisters, would have succeeded to the inheritance at the common law, the statute notwithstanding.
But inasmuch as they were brothers of the half blood only, and therefore, neither they, nor their issue could inherit to one another, by the rules of the common law; let us see whether the statute aids them in this respect. It says, “ That if any person possessed of, or entitled to, a real estate in his or her own right, in fee simple, shall die without making a will disposing thereof, and without any'brother or sister, or any issue of such brother or sister, of the whole blood, and shall have a brother or brothers, a sister or sisters, a brother and a sister or sisters, or brothers and a sister or sisters, of the half blood, the said real estate of such person shall descend to, and be inherited by such kindred, as the case may be, of the half blood, in the manner and proportions between male and female directed by the first section of this act.” Hence it is seen that this statute, enabling the half blood to inherit, extends only to brothers and sisters, of the half blood, and that it does not extend to the issue of such brothers and sisters, or to any other collaterals related in a more distant degree.
Here Aaron was the person possessed of, or entitled to this real estate. He, it is true, died leaving neither brother nor sister of the whole blood, nor any issue .of such brother or sister; but it is true also, that he left neither brother nor sister of the half blood ; and for col-laterals of a more distant degree, and particularly for cousins, such as the children of his uncle Joseph, the statute makes no provision. And even if we should suppose Lulce to be the ancestor from whom the inheritance should descend (for the preceding clause of the statute seems to give colour to such a supposition) the result will be precisely the same.
I am of Opinion, therefore, that neither Jonathan nor any of the children of Joseph can inherit this estate, either by the rules of the common law, or under the statute of descents.
*211 Jonathan, however, being in possession of the land, has a right to hold that possession, not only against plaintiffs, but also against all the world, until a better title be shewn.
Judgment for the defendant.